ARENT FOX LLP
1675 Broadway
New York, NY 10019
(212) 484-3900
Attorneys for Roy Babitt, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

                                        Chapter 7

NEUHOFF-EDELMAN GALLERY LLC,       Case No. 08-12213 (JMP)

                          Debtor.
------------------------------------------------------------x

## STIPULATION AND GLOBAL SETTLEMENT AND RELEASE BETWEEN TRUSTEE, TRUSTEE'S PROFESSIONALS, ASHER B. EDELMAN AND EDELMAN ARTS, INC.

WHEREAS, on June 13, 2008 (the "**Petition Date**"), Neuhoff-Edelman Gallery LLC (the "**Debtor**") filed a voluntary petition for relief under chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"); and

WHEREAS, pursuant to the United States Trustee's Notice of Appointment of Interim Trustee and Trustee, Roy Babitt, Esq. (the "**Trustee**") was appointed Chapter 7 Trustee for the estate of the Debtor, duly qualified, and has been and now is acting as such Trustee; and

WHEREAS, at the Petition Date, Edelman Arts was holding the sum of $70, 433.75, which represented proceeds of the Debtor's sale of artwork (the "**Sale Proceeds**") that had been paid to Edelman Arts; and

WHEREAS, subsequent to the Petition Date the Trustee asserted that Asher B. Edelman ("**Edelman**") was required to remit the Sale Proceeds to the Debtor's estate (the "**Claim**"); and

WHEREAS, the Trustee and Edelman agreed to resolve the Claim pursuant to a Settlement Stipulation, Docket Number 30 (the "**Settlement Stipulation**"), under which Edelman agreed to pay the estate the sum of $70,433.75, and there is now a balance of $7,043.41 due the Trustee under the Settlement Stipulation (the "**Settlement Balance**"); and

WHEREAS, Edelman has maintained that the Sale Proceeds are not property of the Debtor's estate and are subject to a trust under the provisions of the New York Arts & Cultural Affairs Law § 1201 (the "**New York Trust**") for the benefit of the artists who created the works that were sold; and

WHEREAS, pursuant to the Settlement Stipulation, the Trustee agreed to retain the Sale Proceeds subject to the entry of a further order of the Bankruptcy Court determining the extent to which the Sale Proceeds are not property of the Debtor's estate and are subject to the New York Trust; and

WHEREAS, the Trustee, his professionals, Edelman and Edelman Arts, Inc. desire to resolve the claim for the Settlement Balance and any and all other claims between Edelman and Edelman Arts, Inc., on the one hand, and the Debtor, its estate, the Trustee, and his professionals, on the other hand, whether known or unknown.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, in consideration of the mutual promises contained in this Stipulation and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, that:

1. The Trustee shall accept payment of the Settlement Balance in full and complete settlement of Edelman's obligations owing under the Settlement Stipulation and any and all other claims of the Debtor and its estate against Edelman and Edelman Arts, Inc.

2. Edelman shall remit the Settlement Balance to the Debtor's estate by delivering a check in the amount of the Settlement Balance to the Trustee's counsel, made payable to the Roy Babitt as Chapter 7 Trustee within three (3) business days of the date on which the Approval Order has become a Final Order, as such terms are defined below.

3. This Stipulation and the settlement reflected herein are subject to being "So-Ordered" by the Bankruptcy Court (the "**Approval Order**") and the Approval Order becoming a Final Order. As used herein, a Final Order means an order that has been duly entered on the docket of the Bankruptcy Court, and the time for any party to seek to appeal it or reargue it has expired without a notice of appeal or motion for permission to appeal having been filed or reargument having been sought, or, in the event any of such events have occurred, such reargument, if any, has been denied, all appeals taken have been finally resolved, and the time to take any further appeals, file a motion for further permission to appeal, or seek certiorari has expired without the Approval Order being vacated, reversed or modified.

4. At such time as the Approval Order becomes a Final Order, provided Edelman has paid the Settlement Balance in accordance herewith, the Trustee shall be deemed to

3

have released and forever discharged Edelman and Edelman Arts, Inc. and their respective representatives, attorneys, agents, heirs, executors, administrators, successors, and assigns (the "**Edelman Released Parties**") from all actions, causes of action, suits, debts, dues, sums of money, accounts, controversies, agreements, promises, variances, trespasses, damages, judgments, abstracts of judgments, liens, executions, claims, and demands whatsoever, in law, admiralty, or equity, that the Trustee, the Debtor, or its estate ever had, now has or hereafter can, shall or may have against the Edelman Released Parties for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of the world to the date of this Stipulation, <u>provided, however,</u> that this Stipulation shall not affect, waive, limit, modify, or otherwise change in any manner Edelman's obligations set forth in this Stipulation, or under any instrument or agreement executed and delivered pursuant to this Stipulation, which obligations shall remain in full force and effect.

5. At such time as the Approval Order becomes a Final Order, Edelman, Edelman Arts, Inc. and any entity owned or controlled by either Edelman or Edelman Arts, Inc. shall be deemed to have released and forever discharged the Debtor, its estate, the Trustee, and the Trustee's retained professionals, including, but not limited to, Arent Fox LLP (including all Arent Fox's attorneys and employees) and their respective representatives, attorneys, agents, heirs, executors, administrators, successors, and assigns (the "**Trustee Released Parties**") from all actions, causes of action, suits, debts, dues, sums of money, accounts, controversies, agreements, promises, variances, trespasses, damages, judgments, abstracts of judgments, liens, executions, claims, libel or slander claims and demands whatsoever, in law, admiralty, or equity, that Edelman, Edelman Arts, Inc. or any entity owned or controlled by either Edelman or Edelman

4

Arts, Inc. ever had, now has or hereafter can, shall or may have against the Trustee Released Parties for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this Stipulation, <u>provided, however,</u> that this Stipulation shall not affect, waive, limit, modify, or otherwise change in any manner the Trustee's obligations set forth in this Stipulation, or under any instrument or agreement executed and delivered pursuant to this Stipulation, which obligations shall remain in full force and effect.

6. Neither Edelman nor Edelman Arts, Inc. nor any entity owned or controlled by Edelman or Edelman Arts shall appear and be heard in the Debtor's bankruptcy case on any issue arising subsequent to the date hereof during the Trustee's administration of this bankruptcy estate including, but not limited to, with respect to objecting to the fee applications of retained professionals, the Trustee's commissions, any settlement with any creditor or any other matter.

7. Notwithstanding anything contained herein to the contrary, nothing contained in this Stipulation shall prejudice the rights of Edelman or Edelman Arts, Inc. to (i) defend claims asserted by persons against Edelman or Edelman Arts, Inc., including appearing and being heard to the extent necessary to such defense or the preservation of rights with respect to such defense, or (ii) prosecute claims against persons other than the Trustee Released Parties including appearing and being heard to the extent necessary to such prosecution or the preservation of rights with respect to such prosecution, all of which rights are hereby reserved.

8. The Parties hereto agree to take any and all necessary and reasonable steps, including the signing of documents, to effectuate this Stipulation.

9. This Stipulation has been jointly drafted by the parties at arms' length and each party has had access to and the opportunity to consult with independent legal counsel and to comment fully on the Stipulation. Accordingly, in the event of any dispute regarding the interpretation of any provision of this Stipulation, such disputed provision shall not be construed against any party solely by virtue of such party having taken part in the drafting of this Stipulation.

10. Upon approval by the Bankruptcy Court, this Stipulation shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and assigns.

11. This Stipulation shall be governed by and construed in accordance with the laws of the state of New York without giving effect to its conflict of law provisions or choice of law rules and, to the extent applicable, the Bankruptcy Code.

12. The parties consent to the exclusive jurisdiction of the Bankruptcy Court to hear and consider any disputes relating to the interpretation and enforcement of this Stipulation.

13. This Stipulation constitutes the entire agreement between the parties with respect to the transactions and matters contemplated herein. It is understood and agreed that all other previous undertakings, negotiations and agreements among the parties regarding the subject matter are superseded in their entirety by this Stipulation.

14. Each party, by execution of this Stipulation, represents and warrants that he, she or it is fully authorized to enter into and perform this Stipulation without any further or other consent or authorization from any person or entity.

15. This Stipulation may be executed by facsimile and/or electronic mail signatures, which shall be binding on the parties hereto as if it were an original document.

16. This Stipulation may be signed by the parties in counterpart originals.

Dated: New York, New York
July 19, 2011

Asher B. Edelman

*/s/ Asher B. Edelman*

Edelman Arts, Inc.

By: */s/ Asher B. Edelman*
Asher B. Edelman

Roy Babitt, Esq., as Chapter 7 Trustee

*/s/ Roy Babitt*

**SO-ORDERED**

This ___ day of _____, 2011

_____
UNITED STATES BANKRUPTCY JUDGE

7